JUDGE COPER
DELIVERED THE OPINION OF THE COURT, JUDGE PRYOR DISSENTING.
George White, having been indicted, found guilty, and adjudged to pay a fine of two hundred and fifty dollars for a breach of the public peace, has appealed to this court for a reversal of that judgment.
The only question in the case which seems to us to present any difficulty grows out of the amount of the fine imposed.
Section 3 of article 1, chapter,29, of the General Statutes, provides that “a common-law offense for which punishment is prescribed by statute shall be punished only in the mode so prescribed.”
Section 4, article 19, of the same chapter, provides for the punishment of persons guilty of a riot, rout, or breach of the peace, and fixes the punishment at a fine not exceeding one hundred dollars, or imprisonment not exceeding fifty days, or both, at the discretion of the jury.
Section 6 of the same article provides that “nothing in this article shall be construed to repeal the common law in relation to riots, routs, affrays, unlawful assemblies, or breaches of the peace, which offenses may be punished as and by the common law as heretofore.”
Under section 3 of article 1, if it stood alone in the statute, it would be clear that no other or greater punishment than that prescribed by section 4 of article 19 could be inflicted upon any person convicted of a breach of the peace; but section *559 6 of the latter article having declared that that offense may be punished as and by the common law, it is argued that it leaves the common law in force as to the penalty; and that as by the common law a breach of the public peace was punishable by fine and imprisonment at the discretion of the jury, the judgment rendered in this case, although for more than the statutory penalty, is authorized by the common law. The apparent conflict between section 3, article 1, and section 6, article 19, has led us to look into the history of legislation in this state on this subject; and this, we think, will remove all doubt as to the proper interpretation of section 6.
By an act of assembly, passed in 1802 (2 Statute Laws, 1390), jurisdiction was given to justices of the peace to try and punish persons guilty of a breach of the public peace; and it was provided by an act passed at the same session that “whereas a mode of prosecuting and punishing offenses has been provided by act of assembly, differing in some cases from that which had been before provided by the common law or by English statutes, be it enacted that in such cases the provisions of the common law or the English statutes shall be and the same are hereby repealed.”
At the common law justices had no jurisdiction to try or to punish offenders of any class, and those guilty of a breach of the peace were punishable under indictment by "fine and imprisonment by the act first quoted. (2 Statute Laws, 1390.) A mode of prosecuting and punishing offenders against the public peace was provided by statute, and therefore by the second act (1 Statute Laws, 533) the provisions of the common law in such cases were repealed. After this it was clear that as the statutory mode of prosecuting before justices was by warrant, the common-law mode of prosecuting by indictment was repealed; and that as the punishment provided by statute Avas different from that provided by the common law, the punishment proAÚded for by the latter was abolished. The effect *560 of this was to give justices of the peace exclusive jurisdiction of prosecutions for breaches of the peace, and to make that offense no longer indictable. To remedy this defect in the law an act was passed in 1809 (2 Stat. Laws, 1391), providing “that the common law in relation to riots, routs, unlawful assemblies of the people, batteries, affrays, and breaches of the peace shall be and the same is hereby revived and declared to be in full force, and that any person or persons guilty of any of the aforesaid offenses may be indicted and punished as at the common law as heretofore, any law to the contrary notwithstanding.”
When viewed in the light of the former two acts of 1802 it is clear that the act of 1809 was intended to give the circuit courts jurisdiction concurrent with justices of the peace of prosecutions for the offenses enumerated in the latter act, and not for the purpose of subjecting offenders to a greater punishment in the one court than in the other.
Section 6 of article 19 of chapter 29 of the General Statutes is a substantial re-enactment of the act of 1809, and is an almost literal transcript from the Revised Statutes, and was no doubt inserted in both to prevent the preceding sections, which gave justices jurisdiction of prosecutions for breaches of the peace, from being construed, as the acts of 1802 would have been without the act of 1809, as giving to justices exclusive jurisdiction.
Section 4, article 19, chapter 29, General Statutes, prescribes a punishment for breaches of the peace; and if it be held that under section 6 of the same article a greater punishment than is thus prescribed can be inflicted under indictment in the circuit court, as and by the common law, the latter section is brought into direct conflict with section 3, article 1, which provides that a common-law offense, the punishment of which is prescribed by statute, shall only be punished in the mode so prescribed.
*561 This construction is not only in harmony with past legislation on the subject, but it harmonizes section 6, article 19, with section 1, article 1, which could not otherwise be done; and it also prevents the legislative anomaly of providing different punishments for the same offense, which we can not presume the legislature intended.
We are therefore of opinion that the court erred in instructing the jury, in substance, that if they found the appellant guilty, they might assess his fine at their discretion. For this error alone the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.